UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVIER NUNEZ,

                Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

24-CV-1405 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action seeking review of the Commissioner of Social Security's decision denying his application for disability benefits under the Social Security Act, 42 U.S.C. §§ 405(g) and/or 1383(c)(3). For the following reasons, this action is transferred to the United States District Court for the Middle District of Pennsylvania.[1]

An action filed pursuant to 42 U.S.C. §§ 405(g) and/or 1383(c)(3) may be brought only in "the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia." 42 U.S.C. § 405(g); *see* § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under [§ 1383(c)(1)] shall be subject to judicial review as provided in section 405(g).").

Plaintiff alleges that he resides in Pittson, Pennsylvania, which is in Luzerne County. Because Plaintiff's residence is outside this district, venue is not proper in this Court under

---

[1] Plaintiff's prior suit, apparently seeking review of the same social security decision, *Nunez v. Commissioner of Social Security*, ECF 1:23-CV-01548, 21 (S.D.N.Y. Aug. 21, 2023), was also transferred to the Middle District of Pennsylvania, *Nunez v. Commissioner of Social Security*, No. 1:23-CV-01435 (JPW) (M.D. Pa. Nov. 27, 2023).

§§ 405(g) or 1383(c)(3). Luzerne County is within the Middle District of Pennsylvania, 28 U.S.C. § 118(b). Accordingly, venue lies in the Middle District of Pennsylvania, *see* 42 U.S.C. §§ 405(g) and 1383(c)(3), and this action is transferred, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Middle District of Pennsylvania.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Pennsylvania. Whether Plaintiff should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 26, 2024
         New York, New York

                                               /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                               Chief United States District Judge